IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID D. JONES,

    Petitioner,                    No. 2:09-cv-3022-LKK-JFM (HC)

  vs.

FRANCISCO JACQUEZ,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

          Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 conviction on charges of murder, attempted murder and robbery. This matter is before the court on petitioner's request for stay and abeyance pending exhaustion of state court remedies as to unexhausted claims, and on respondent's motion to dismiss the petition as a mixed petition containing unexhausted claims. Respondent opposes petitioner's request to stay these proceedings, and petitioner opposes respondent's motion to dismiss.

          The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

/////

/////

1

be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

As a general rule, a mixed petition containing both exhausted and unexhausted claims must be dismissed with leave to file an amended petition raising only exhausted claims. However, a district court has authority to stay a mixed petition for writ of habeas corpus pending exhaustion of unexhausted claims in "limited circumstances," i.e., "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). It is undisputed that eight of petitioner's ten claims for relief are unexhausted. Thus, unless a stay is warranted, the petition must be dismissed with leave to file an amended petition raising only the claims that he has exhausted in state court.[2]

"Under Rhines, a district court must stay a mixed petition only if: (1) the petitioner has 'good cause'" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Id. at 278, 125 S.Ct. 1528." Wooten v.

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner has not attempted to invoke the three-step procedure outline in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Cf. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).

1  Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008).  The following facts are relevant to the good
2  cause determination.

3        Direct review of petitioner's state court conviction concluded on May 26, 2009,
4  when the United States Supreme Court denied his petition for certiorari.  Five months later, in
5  October 2009, petitioner filed both the instant petition and his state superior court exhaustion
6  petition.  Petitioner included a request for stay and abeyance in the petition filed in this court.  In
7  December 2009, petitioner received a ruling from the state superior court, which rejected all but
8  one of the claims on the ground that the claims "refer to documents including the record in the
9  case, all of which would appear to be reasonably available but were not included with his
10 petition."  Ex. 3 to Petitioner's Motion and Motion to File Formal Opposition Concomitant to
11 Plaintiff's Opportunity to Address All Unexhausted State Claims Without Prejudice (hereafter
12 Supplemental Opposition), filed July 26, 2010.  Petitioner represents that he had requested
13 transcripts from his trial counsel several times in early 2009[3] to no avail.  In December 2009,
14 petitioner's wife sent two boxes of legal mail containing the transcripts to petitioner at Pelican
15 Bay State Prison (Pelican Bay).  Petitioner was advised by prison officials that the boxes could
16 not be given to him because they had not come from an attorney, and that he would have to pay
17 to return them to his wife.  Thereafter, petitioner worked with prison officials first to return the
18 boxes to his wife and then to obtain permission from the Warden at Pelican Bay to receive those
19 boxes from her.  By memo dated April 29, 2010, petitioner's request to receive the boxes from
20 his wife was granted and petitioner was provided with specific conditions for receipt of the
21 transcripts at the prison.  On or about June 4, 2010, petitioner was advised that the boxes had
22 arrived but still had to be searched.  On June 16, 2010, petitioner still had not received the boxes.
23 On June 21, 2010, petitioner was advised that the search had been completed and that he should

---

[3] Petitioner's representation that he sought these transcripts from his trial attorney Frank O'Conner after he received the superior court's ruling in December 2009 is belied by Exhibit 4 to his supplemental opposition, which reflects several letters sent to his trial counsel in January, February, and April 2009, well before the superior court's ruling.

get the boxes that week if he hadn't already.  As of June 22, 2010, petitioner still had not received the boxes of transcripts.

        Petitioner has shown good cause for his failure to exhaust state court remedies with respect to the unexhausted claims raised in his petition.  He filed a state habeas corpus petition well within the one year limitation period for filing a federal habeas corpus petition, and he also filed the instant action, which contains two fully exhausted claims, at the same time.  He exercised due diligence in his efforts to obtain his file, including the transcripts, from his trial and appellate counsel, and to obtain permission from prison officials to receive those transcripts from his wife.  As of the last document filed by petitioner, it had taken more than six months of effort to obtain the transcripts and he still had not received them.[4]  Petitioner has satisfied the first showing required by Rhines.  He has also satisfied the second and third requirements:  most, if not all, of the unexhausted claims are potentially meritorious, and there is no showing that petitioner has engaged in dilatory litigation tactics.  This action should therefore be stayed pending exhaustion of state court remedies and this court will so recommend.[5]  In view of that recommendation, the court will also recommend that respondent's motion to dismiss be denied.

        In accordance with the above, IT IS HEREBY ORDERED that within fifteen days from the date of this order, petitioner and respondent shall report to the court on whether petitioner has received possession of his criminal trial file, including transcripts; and

        IT IS HEREBY RECOMMENDED that

        1. Petitioner's request for stay and abeyance be granted;

/////

---

[4] Good cause appearing, this court will require petitioner and respondent to report to the court within fifteen days on whether petitioner has received possession of his criminal trial file, including transcripts.

[5] Petitioner's first claim for relief does not appear to satisfy the "potentially meritorious" requirement of Rhines.  However, all of the other unexhausted claims are potentially meritorious, thereby satisfying the second requirement for stay and abeyance under Rhines.

      2. This action be stayed pending exhaustion of state remedies as to petitioner's first eight claims for relief;

      3. Petitioner be directed to file a motion to lift the stay within thirty days from the date of any order by the California Supreme Court resolving the claims referred to in paragraph 2 of this recommendation;

      4. The Clerk of the Court be directed to administrative close this action; and

      5. Respondent's April 22, 2010 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 1, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
jone3022.mtd